[No. 5448.]
[No. 3117 C. A.]

Good et al. v. Lipp. ·

Partnership—Assignment of Claim—Right of Action by Assignee
    Where Affidavit of Partnership Not Filed—Statutory Construction.

Sess. Laws 1897, p. 249, provides that any partnership doing business in this state under any name other than the personal names of its members, which fails to file an affidavit with the

county clerk of the proper county giving the names of all composing the partnership, cannot sue for the collection of its debts. Held, that, where an assignment appears to have been made in good faith by two members of the firm to the third member, it becomes the individual property of the latter and he may maintain an action thereon in his own name.—P. 211.

*Error to the County Court of Gilpin County.*
*Hon. Flor Ashbaugh, Judge.*

Action by A. Lipp against George S. Good, James Kerr, and F. C. Hitchcock, copartners, doing business under the firm name and style of Geo. S. Good & Co. From a judgment for plaintiff, defendants appeal.                    *Affirmed.*

Mr. H. C. HICKS and Mr. WM. C. MATTHEWS, for appellants.

No appearance for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

It was shown at the trial or admitted by the pleadings that the defendants were and are contractors engaged in the construction work upon a railroad known as The Denver, Northwestern and Pacific Railroad; that the plaintiff was a member of the copartnership of Jones & O'Brien, consisting of plaintiff, Lee Jones and Robert O'Brien, and that they were sub-contractors under said defendants; that on the 19th of June, 1903, the plaintiff, acting for and on behalf of the copartnership, had a settlement with the defendants of all indebtedness, and that the said defendants, at that time, agreed that they would pay to the said firm of Jones & O'Brien $300.00 on the 25th of June, 1903, and $734.37 on July 25th; that on the same day Lee Jones and Robert O'Brien assigned to the plaintiff all their right, title and interest in and to the sum of $300.00

and in and to the sum of $734.37 mentioned in the said agreement, and that on the same day the defendants paid to the plaintiff the sum of $300.00 and gave him a written obligation to pay the sum of $734.37. The plaintiff showed the written contract of settlement, the assignment to him of the claim against the defendants by the other members of the firm, and showed an agreement in writing on the part of the defendants to pay him the sum of $734.37, and testified that the said sum had not been paid.

At the close of the plaintiff's testimony defendants moved for a nonsuit, which was denied; the defendants offered no testimony, and the court instructed the jury to return a verdict for the plaintiff. Thereupon the jury returned a verdict for the plaintiff for the sum of $734.37 and interest, and judgment was entered thereon, and the case was taken to the court of appeals by writ of error.

The points principally relied upon by the plaintiffs in error are that the plaintiff is not entitled to recover because it does not appear that the firm of Jones & O'Brien ever filed the statement required by the Laws of 1897, page 249, and further that the debt from the defendants was due and owing to the firm of Jones & O'Brien, that they were the real parties in interest, and that the plaintiff cannot maintain the action individually.

It does not appear that the assignment from Lee Jones and Robert O'Brien to the plaintiff was for the purpose of evading the statute, but the assignment appears to have been made in good faith by two of the members of the firm to the third member of the firm, and no reason has been stated in the briefs or authorities cited showing why the members of the firm may not in such manner convey to another member of the firm all their right, title and interest in a debt due and owing the firm. When such assign-

ment is made it converts firm property into the individual property of the assignee, and it is entirely competent then for the assignee to maintain an action as an individual to recover the debt. The claim of the firm of Jones & O'Brien against the defendants having been assigned, the suit is properly maintainable by the assignee, the plaintiff here.

For the reasons given the judgment is affirmed.

*Affirmed.*

Mr. Justice Caswell and Mr. Justice Maxwell concur.